IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES, | No. C 07-4277 CW (PR) |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO ATTEND DEPOSITIONS AND ADDRESSING PENDING MOTIONS |
| v. | |
| M. EVANS, et al., | |
| Defendants. | (Docket nos. 59, 70, 71, 73) |
| MALIK JONES, | No. C 09-3003 CW (PR) |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO ATTEND DEPOSITIONS |
| v. | |
| L. WASHINGTON, et al., | |
| Defendants. | (Docket no. 17) |

INTRODUCTION

Plaintiff Malik Jones, a state prisoner currently located at High Desert State Prison (HDSP), filed his original pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while incarcerated at Salinas Valley State Prison (SVSP) in Case No. C 07-4277 CW (PR).

In its Order dated July 2, 2009, the Court found two cognizable claims against Defendant Bailey: (1) that Defendant Bailey violated Plaintiff's Eighth Amendment right to be free from excessive force when Defendant Bailey pushed Plaintiff out of his wheelchair during a verbal altercation; and (2) that, on May 15, 2003, Defendant Bailey violated Plaintiff's Eighth Amendment rights by acting with deliberate indifference to his safety by creating and distributing a "false 128G chonol [sic] with fabricated information on Plaintiff stating Plaintiff was a child molester/had

lewd and or lascivious crimes against children" in an effort to "get Plaintiff killed or seriously injured." (July 2, 2009 Order in Case No. C 07-4277 CW (PR) at 2-3.)

The Court also identified two cognizable Eighth Amendment claims against Defendants Washington, Lang and Contrazs for excessive force and deliberate indifference to Plaintiff's medical needs during his transfer from SVSP to HDSP. Plaintiff alleges that on July 7, 2006, Defendant Lang attempted to break Plaintiff's thumb and that an unnamed officer threw Plaintiff to the ground, causing him pain and injury. (July 2, 2009 Order in Case No. C 07-4277 CW (PR) at 3.) Defendants Washington and Lang attempted to break Plaintiff's wrist; and Defendants Washington, Lang, Contrazs and Doe threw Plaintiff on the ground, "causing more pain and injury to [his] head." (Id.) Plaintiff alleges that Defendant Lang used a car door repeatedly to slam Plaintiff's knees and that an unnamed officer slammed the car door so that it would hit Plaintiff in the head. (Id.) Defendants Lang and Doe forcibly made Plaintiff swallow a liquid substance while they laughed at him. (Id.)

Defendants filed a motion to dismiss in Case No. C 07-4277 CW (PR) under Federal Rule of Civil Procedure 18(a). They argued that Plaintiff had improperly asserted unrelated claims that had no question of fact common to all Defendants as required by Federal Rule of Civil Procedure 20(a).

The Court severed the misjoined parties in Case No. C 07-4277 CW (PR). (Id. at 9.) Plaintiff's claims for excessive force and for deliberate indifference against Defendant Bailey remained in Case No. C 07-4277 CW (PR). The Clerk of the Court was directed to

open a new case entitled <u>Jones v. Washington, Lang, Contrazs</u> (Case No. C 09-3003 CW (PR)) to address Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference to his medical needs against the named Defendants. (<u>Id.</u> at 5.)  The Court also granted Plaintiff's request to amend his complaint to substitute Officer P. Brown for Officer Jane Doe, who he alleged participated in the incident where he was brutalized during his transfer to HDSP.  The Court denied Plaintiff's request to amend his complaint to add a retaliation claim against unnamed HDSP officials.  Defendants have filed their answers in both cases.

Before the Court is Defendants' "Motion to Dismiss for Failure to Attend Depositions."  The motion to dismiss in Case No. C 09-3003 CW (PR) explains the severance but otherwise makes the same arguments as the motion to dismiss in Case No. C 07-4277 CW (PR).  Defendants in both cases move for dismissal under Rule 30 of the Federal Rules of Civil Procedure; however, as dismissal is not an available sanction under Rule 30, the Court construes their request as a motion to dismiss under Rule 41(b).  Plaintiff opposes the motion.

Also before the Court in Case No. C 07-4277 CW (PR) are Plaintiff's "Motion of Imminent Danger" and "Motion for Clarification," which are construed as requests for leave to amend his complaint.  Plaintiff has also filed a "Motion Requesting Court to Send Exhibits/Declaration of Motions etc.," which is construed as a motion requesting copies of documents from the case file.

DISCUSSION

I.  Motion to Dismiss

Plaintiff refused to leave his cell to attend his deposition

3

duly noticed for September 17, 2009. (Defs. Mot. to Change Time to File a Dispositive Mot., Ex. A.) Plaintiff gave Defendants' counsel a memorandum stating, "This deposition was postspond [sic] pending court reconsideration for appoint[ment] of counsel . . . ." (Id.)

In an Order dated October 28, 2009, the Court denied Plaintiff's motion to stay the deposition and denied his fifth request for appointment of counsel. (Oct. 28, 2009 Order in Case No. C 07-04277 CW (PR) at 2.) The Court directed Defendants to notice another deposition of Plaintiff and ordered Plaintiff to "testify at the properly noticed deposition even if he is not represented by counsel." (Id.) The Court further stated that if Plaintiff did not testify at the deposition "his complaint will be dismissed." (Id.)

Defendants' counsel properly noticed Plaintiff's deposition for November 19, 2009. (McDonough Decl., Ex. C.) Defendants allege Plaintiff refused to attend that deposition without being transported to it in a wheelchair, although "Plaintiff was no longer authorized to use a wheelchair" according to a decision by medical staff. (Mot. to Dismiss at 5.) Therefore, Defendants request that this case be dismissed based on Plaintiff's failure to attend two properly noticed depositions.

Plaintiff claims that he was physically unable to attend his deposition because prison officials had improperly taken his wheelchair. He argues that he needs a wheelchair because he "suffers from back/spinal trauma which severely limits his mobility." (Mot. of Imm. Danger at 1.) He alleges that in 2005, doctors examined him and "his wheelchair use was made permanent."

4

1  (Id.)  Plaintiff claims that, on October 26, 2009, HDSP officials
2  took his wheelchair.  (Id. at 2.)  Plaintiff states that he could
3  not use the walker issued by prison medical staff to get to his
4  deposition because his permanently disabled right arm makes the
5  walker only useful for moving around inside his cell.  (Opp'n ¶ 5.)
6  He claims that the wheelchair was returned to him on February 7,
7  2010, proving it "never should have been taken in the first place."
8  (Id. ¶ 6.)  Plaintiff also claims that on November 19, 2009, HDSP
9  officials "stated they were going to get Plaintiff a wheelchair so
10 that he could go to and attend his deposition of 11-19-09 left and
11 never returned or came back with a wheelchair . . . ."  (Pl.'s Nov.
12 25, 2009 Letter at 1.)  Therefore, Plaintiff contends that he was
13 unable to attend the November 19, 2009 deposition.
14      A plaintiff must prosecute his case with "reasonable
15 diligence" to avoid dismissal.  Anderson v. Air West, Inc., 542
16 F.2d 522, 524 (9th Cir. 1976).  Plaintiff's complaint alleges that
17 Defendants used excessive force on him on a specific occasion and
18 were deliberately indifferent to his serious medical needs.  The
19 amount of force used by Defendants and the medical care Plaintiff
20 did or did not receive for any resulting injuries as well as the
21 circumstances surrounding such allegations are critical to
22 determining the viability of Plaintiff's claims.  Moreover,
23 Plaintiff's evidence will largely consist of his version of the
24 events.  Defendants are entitled to discover Plaintiff's version of
25 the events in order properly to evaluate the case, the possibility
26 of a dispositive motion and/or settlement, and their trial
27 strategy.
28      Here, Defendants' counsel traveled to HDSP twice to take

5

1  Plaintiff's duly noticed deposition; however, Plaintiff failed to
2  attend both depositions.  It is unclear whether Plaintiff refused
3  or was physically unable to attend the second deposition.  As
4  mentioned above, Plaintiff claims that he could not walk and needed
5  a wheelchair to attend that deposition.  Defendants did not file a
6  reply refuting Plaintiff.  But neither has Plaintiff provided the
7  Court with doctors' notes he claims he has showing that he needed a
8  wheelchair.  Given this ambiguity, the Court will give Plaintiff
9  one final chance to sit for a complete deposition, as directed
10 below.  Accordingly, the Court DENIES Defendants' motion to dismiss
11 in Case Nos. C 07-4277 CW (PR) and C 09-3003 CW (PR).

## II.  Other Pending Motions

The Court construes Plaintiff's "Motion of Imminent Danger" as a request to amend his complaint in Case No. C 07-4277 CW (PR) to add a claim relating to his conditions of confinement at HDSP.  It construes Plaintiff's "Motion for Clarification" as a request to amend his complaint in Case No. C 07-4277 CW (PR) to add retaliation claims against corrections officers at SVSP.  This is Plaintiff's fourth attempt to amend his complaint.  As mentioned above, Plaintiff's previous request to amend the complaint to substitute Officer P. Brown for Officer Jane Doe was granted.

Under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff may amend as of right at any time prior to the filing of a responsive pleading and thereafter only with leave of court. Leave must be freely granted "when justice so requires."  (Fed. R. Civ. P. 15.)  Where a plaintiff seeks to amend after a responsive pleading has already been served, however, the decision whether to grant leave to amend is committed to the sound discretion of the

6

trial court. Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994); Roberts v. Arizona Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981). The trial court's discretion to deny the motion is particularly broad where . . . a plaintiff has previously been granted leave to amend. Griggs v. Pace American Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999).

In its Order dated March 12, 2010, the Court denied Plaintiff's first "Motion of Imminent Danger," which was also construed as a request to amend his complaint. (March 12, 2010 Order in Case No. C 07-4277 CW (PR) at 9.) It informed Plaintiff that if he seeks to bring an action in federal court about the conditions of confinement at HDSP, he must file a civil rights complaint under 42 U.S.C. § 1983 in the Eastern District of California. Similarly, Plaintiff's pending request to amend his complaint is DENIED without prejudice to filing a new action in the Eastern District relating to the alleged conditions of confinement at HDSP.

In Plaintiff's "Motion for Clarification," he seeks leave to amend his complaint to include claims that officers at SVSP retaliated against him for filing this case. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

7

1  exercise of his First Amendment rights, and (5) the action did not
2  reasonably advance a legitimate correctional goal." Rhodes v.
3  Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).
4  To prove retaliation, a plaintiff must show that the defendants
5  took adverse action against him or her that "would have chilled or
6  silenced a person of ordinary firmness from future First Amendment
7  activities." White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000)
8  (citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283,
9  1300 (9th Cir. 1999)).

10  Plaintiff's retaliation claims are detailed in his July 22,
11  2009 filing (docket no. 46). Although it is titled "Amended
12  Complaint," Plaintiff did not obtain permission to amend his
13  complaint; therefore, the Court construes his pending "Motion for
14  Clarification" as a motion for leave to amend his complaint.
15  Plaintiff alleges first that on or about February 13, 2003,
16  Officers Sandquist and Bocello assaulted him, falsely accused him
17  of assaulting an officer and possessing a knife, held him chained
18  and taped in a prison cage without cause for two days, and forced
19  him into administrative segregation, all because he was prosecuting
20  this civil rights action. Second, Plaintiff claims Warden Evans
21  and Officers Ramirez, Bocello, Martines and Doe, on or around July
22  7, 2006, conspired to kidnap him with an unwarranted transfer to
23  HDSP and failed to intervene to stop the transfer in the weeks
24  preceding it, also in retaliation for Plaintiff filing this case.
25  Plaintiff fails to state a cognizable claim for retaliation.
26  The alleged events occurred several months or years before
27  Plaintiff filed his claim. The majority of the officers implicated
28  by Plaintiff in his July 22, 2009 filing were not involved in

8

either of the occurrences that gave rise to Plaintiff's cases against Defendant Bailey and Defendants Washington, Lang, Contrazs and Brown.  In addition, Plaintiff does allege any nexus between the officers' actions and his civil rights litigation.  See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").  While Plaintiff claims that the correctional officers' actions had no legitimate administrative purpose, there is no indication that the officers would not have acted as they did even if Plaintiff had not filed a civil rights claim.  Cf. Pratt v. Rowland, 65 F.3d 802, 808-09 (9th Cir. 1995) (inmate who alleged that prison officials transferred him from one prison to another in retaliation for his exercise of his First Amendment rights in giving an interview to a television network did not establish that the transfer was effected for retaliatory reasons, and was not justified by neutral institutional objectives).

Even if Plaintiff's retaliation claim was cognizable, filing an amended complaint at this late date -- almost eight months after Defendants filed their responsive pleading -- would cause them undue prejudice and create undue delay.  Accordingly, Plaintiff's request for leave to amend his complaint is DENIED.  Should Plaintiff wish to pursue these claims, he may initiate a separate litigation by filing a new complaint.

Finally, Plaintiff's "Motion Requesting Court to Send Exhibits/Declaration of Motions etc." is construed as a motion requesting copies of documents from the case file for the exhibits

and declarations specified in the motion.  Because he needs these documents to pursue a civil rights claim in the Eastern District, the Court GRANTS Plaintiff's motion for copies of documents and directs the Clerk to send copies of the documents specified below.

                                CONCLUSION

1.  The Court DENIES Defendants' "Motion to Dismiss for Failure to Attend Depositions" (docket no. 59 in Case No. C 07-4277 CW (PR) and docket no. 17 in Case No. C 09-3003 CW (PR)).  The Court directs Defendants to notice another deposition of Plaintiff.  Plaintiff shall testify at the properly noticed deposition even if he is not represented by counsel.  If he does not complete this deposition, the Court will dismiss both actions (Case Nos. C 07-4277 CW (PR) and C 09-3003 CW (PR)) with prejudice for failure to prosecute under Rule 41(b), failure to comply with a court order under Rule 37(b), and failure to attend his deposition under Rule 37(d).  Unless there are valid security concerns, the Court encourages HDSP prison officials to provide Plaintiff with a wheelchair if he refuses to attend his deposition without one, so that time and expenses are not wasted, the deposition can go forward and the cases can be dismissed if it does not.  However, even if prison officials do not provide a wheelchair, the Court will dismiss Plaintiff's cases if he fails to attend and complete the deposition without proof that he was physically unable to do so.

2.  The Court DENIES without prejudice Plaintiff's "Motion of Imminent Danger" (docket no. 70 in Case No. C 07-4277 CW (PR)), construed as a request to amend his complaint in Case No. C 07-4277 CW (PR).  Plaintiff may file a new action in the Eastern District

of California relating to the alleged conditions of confinement at HDSP.

    3.    The Court DENIES without prejudice Plaintiff's "Motion of Clarification" (docket no. 71 in Case No. C 07-4277 CW (PR)), construed as a request to amend his complaint in Case No. C 07-4277 CW (PR). Plaintiff may file a new action making these allegations.

    4.    The Court GRANTS Plaintiff's "Motion Requesting Court to Send Exhibits/Declaration of Motions etc." (docket no. 73 in Case No. C 07-4277 CW (PR)), construed as a motion requesting copies of documents from the case file. The Court directs the Clerk to send copies of the following documents from Case No. C 07-4277 CW (PR) to Plaintiff:

    a.    "Motion of imminent danger" (docket no. 56);

    b.    "Motion informing the Court of incident in re deposition of 11-19-09" (docket no. 57); and

    c.    "Declaration of Malik Jones to Add Declaration in Support of In Re Motion filed 11/22/09" (docket no. 58).

    5.    This Order terminates Docket nos. 59, 70, 71 and 73 in Case No. C 07-4277 CW (PR) and Docket no. 17 in Case No. C 09-3003 CW (PR).

IT IS SO ORDERED.

DATED: 7/20/2010

_____
CLAUDIA WILKEN
United States District Judge