IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES,<br><br>    Plaintiff,<br><br>  v.<br><br>L. WASHINGTON, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-3003 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING B. BROWN'S MOTION TO DISMISS AS MOOT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AND LEAVE TO FILE SUPPLEMENTAL COMPLAINT<br><br>(Docket Nos. 38, 76, 78) |

INTRODUCTION

Plaintiff Malik Jones, a state prisoner proceeding pro se and in forma pauperis, brings an action under 42 U.S.C. section 1983, alleging that Defendants L. Washington, D. Lang, B. Brown, E. Contreras, and E. Ramirez violated his Eighth Amendment rights. Defendants now make an unenumerated Rule 12(b) motion to dismiss the complaint for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). In the alternative, Defendants move for summary judgment under Rule 56(c). The motions were taken under submission on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Defendants' motion to dismiss. Because the Court grants the motion to dismiss, Defendants' motion for summary judgment is denied as moot. Defendant B. Brown moves separately to dismiss the Second Amended Complaint for failure to state a claim and collateral estoppel. The Court DENIES this motion as moot.

Plaintiff moves for injunctive relief and leave to file a supplemental complaint. The Court DENIES these motions.

BACKGROUND

Plaintiff is a prisoner at High Desert State Prison (HDSP) and was formerly incarcerated at Salinas Valley State Prison (SVSP). He complains of excessive force and deliberate indifference to his medical needs during his transfer from SVSP to HDSP. Defendant Washington is a transportation sergeant at SVSP and the other Defendants are all transportation officers. The complaint alleges that on July 7, 2006, Defendants assaulted Plaintiff, who is wheelchair bound, and were indifferent to his medical needs during the transfer between prisons.

Plaintiff alleges that Defendant Lang attempted to break his thumb and that Defendants Washington, Lang, and Brown[1] attempted to break his wrist. Compl. ¶¶ 42, 59. He further alleges that Defendants Washington, Lang, Contreras and Brown threw him on the ground, "causing more pain and injury to [his] head." Id. ¶ 59. The complaint asserts that Defendant Lang used a car door repeatedly to slam Plaintiff's knees, and that an unnamed officer slammed the car door so that it would hit Plaintiff in the head. Id. ¶¶ 47, 48. Plaintiff claims that Defendants Lang and Brown forcibly made Plaintiff swallow a liquid substance while they laughed at him. Id. ¶ 50.

On July 26, 2006, Plaintiff claims, he mailed a CDC 602 Inmate/Parolee Appeal Form log no. SVSP C-06-02436 to Warden Evans

---

[1] References to Jane Doe or P. Brown have been substituted with Defendant B. Brown.

2

at SVSP, alleging that Defendants had assaulted him during the transfer between prisons. Medina Dec. Supp. Defs.' Mot. (Medina Dec.) Ex. B. SVSP C-06-02436 was marked denied at the first formal level of review and returned to Plaintiff. The screening form attached to SVSP C-06-02436 stated that Plaintiff's appeal was being returned to him because "time constraints were not met." Id. The bottom of the Inmate/Parolee Appeal Screening Form sent to Plaintiff contained the following message: "This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper." Id. Plaintiff never submitted an explanation. Instead he filed two more Form 602 appeals, which were screened as untimely and duplicative, respectively.

## PROCEDURAL HISTORY

On September 19, 2008, the Court found cognizable Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference to his serious medical needs against Defendants Washington, Lang, Contreras and Doe. The Court later granted Plaintiff's motion to amend the complaint to substitute Defendant P. Brown for Defendant Doe.

On July 22, 2009, Plaintiff filed a Second Amended Complaint (2AC)(docket No. 62) which the Court deemed to be a motion for leave to amend. The Court found that the 2AC raised cognizable claims against Defendant Ramirez with respect to the events in the instant case, and granted leave to amend to add claims against him. (Docket No. 61.) In that Order the Court also dismissed the claims against P. Brown and substituted B. Brown as a defendant in her stead. (Docket No. 61.) The Court denied leave to amend to

3

add new claims unrelated to these events. (Docket No. 61.) Defendant Ramirez was never served.

Before the Court is Defendants' motion to dismiss all claims for failure to exhaust administrative remedies, and their motion for summary judgment under Federal Rule of Civil Procedure 56(c). (Docket No. 38.) Plaintiff filed an opposition, and Defendants replied. Also before the Court is Defendant B. Brown's motion to dismiss the 2AC for failure to state a claim and collateral estoppel. (Docket No. 78.) Plaintiff has filed no opposition and the deadline has passed.

On June 22, 2011, Plaintiff filed a document entitled "motion of imminent danger" requesting injunctive relief and leave to file a supplemental complaint. (Docket no. 76.) Defendants have opposed Plaintiff's motion and Plaintiff has replied to their opposition.

I. Failure to Exhaust Administrative Remedies

A. Legal Standard

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA exhaustion requirement is mandatory and not subject to the discretion of the court. Booth v. Churner, 532 U.S. 731, 739 (2001).

The PLRA requires "proper exhaustion" of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). To meet this exacting standard, prisoners must not only lodge a formal

4

1 complaint, but also pursue it through each stage of the
2 administrative process in "compliance with an agency's deadlines
3 and other critical procedural rules." Woodford, 548 U.S. at 93.
4 The requirement cannot be satisfied "by filing an untimely or
5 otherwise procedurally defective administrative grievance or
6 appeal." Id. A prisoner must exhaust claims before filing a suit
7 in federal court even though the administrative process may not be
8 "plain, speedy and effective." Porter v. Nussle, 534 U.S. 516,
9 524 (2002). A complaint must be dismissed if the prisoner did not
10 exhaust all available administrative remedies before the suit was
11 filed. Booth, 532 U.S. at 738; McKinney v. Carey, 311 F.3d 1198,
12 1199 (9th Cir. 2002).

13 State prison regulations define the contours of proper
14 exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). Under
15 California law, inmates have a right to an administrative appeal
16 of "any departmental decision, action, condition, or policy which
17 they can demonstrate as having an adverse effect upon their
18 welfare." Cal. Code Regs. tit. 15, § 3084.1(a)(2006).[2] Inmates
19 also have a right to file administrative appeals alleging
20 misconduct by correctional officers. Cal. Code Regs. tit. §
21 3084.1(e).

22 To exhaust all available administrative remedies, a prisoner
23 in California must complete a Form 602 and proceed through four
24 levels of appeal: (1) informal level grievance filed directly with

---

[2] Article 8, § 3084 of the California Code of Regulations has been amended nearly a dozen times, most recently in 2006, 2010 and 2011. Because Plaintiff filed his grievance in 2009, this Order cites sections of the 2006 code unless otherwise noted.

5

any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee. Cal. Code Regs. tit. 15 § 3084.7;[3] Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). At the time of Plaintiff's appeal a prisoner was required to submit the initial appeal within fifteen working days "of the event or decision being appealed" and resubmit the appeal to each level of review within fifteen working days of receiving a denial from the previous level. Cal. Code Regs. tit. 15 § 3084.6(c);[4] Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). Once an appeal is denied at the third formal level, the prisoner has exhausted his administrative remedies under the PLRA. Barry, 985 F. Supp. at 1237-38.

Non-exhaustion is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt, 315 F.3d at 1119. In deciding such a motion, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.

B. Analysis

In support of the motion to dismiss Defendants provide the declaration of E. Medina, the appeals coordinator at SVSP.

---

[3] In 2006 the relevant California Code of Regulations section number was 3084.5. As of July 2011 the applicable section number is 3084.7.

[4] As of July 2011 the applicable section number is 3084.8 and provides thirty calendar days for inmates to file appeals.

6

(Docket No. 45.) Medina conducted a computerized search of the institutional appeals database for inmate appeals submitted by Plaintiff and for the appeal responses. He states in his declaration that SVSP-C-06-2426 is the only appeal filed by Plaintiff in 2006 classified as a staff complaint and it alleges excessive use of force by Defendants during the transport between SVSP and HDSP on July 7, 2006. Medina Dec. ¶ 9. Medina asserts that this appeal was received by the SVSP appeals coordinator on August 8, 2006, eighteen working days after the incident, and was therefore screened out for failure to meet time constraints. Id. ¶ 13.[5]

Plaintiff argues that prison officials deliberately interfered with his grievance by screening the initial appeal as untimely even though he submitted it within fifteen working days, and thus prevented him from exhausting his appeals. Pl.'s Response, at 8. If prison officials improperly screen out an inmate's appeals, the inmate cannot properly complete the grievance process, and administrative remedies are unavailable. Sapp, 623 F.3d at 822-23. To satisfy this exception to exhaustion, an inmate must show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons

---

[5] Appeal No. SVSP-C-06-02436 was stamped "received" twice, once on August 2, 2006 and once on August 8, 2006. August 2, 2006, the earlier date, was actually eighteen working days after the incident.

7

1 inconsistent with or unsupported by applicable regulations."
2 Sapp, 623 F.3d at 823-824.

3 Plaintiff contends that he submitted SVSP-C-06-02436 timely
4 when he mailed it to Warden Evans at SVSP on July 26, 2006. He
5 cites Houston v. Lack, 487 U.S. 266, 270 (1988) for the argument
6 that SVSP-C-06-02436 should have been deemed filed at the time he
7 gave it to prison authorities for mailing. Plaintiff offers, and
8 the Court knows of, no authority to extend the application of
9 Houston beyond court filings to include the mailing of internal
10 prison grievances.

11 Both the screening form that was returned to Plaintiff, and
12 the regulations in effect at the time, require that appeals be
13 sent to the appeals coordinator within fifteen days of the
14 incident. Medina Dec., Ex. B; Cal. Code Regs. tit. 15,
15 § 3084.2(c)(2006). Plaintiff did not comply with the applicable
16 requirements when he sent his appeal directly to Warden Evans
17 rather than mailing or submitting it to an appeals coordinator.
18 There is nothing to contradict Defendants' contention that the
19 appeal was sent to the appeals coordinator after the fifteen day
20 limit had expired.

21 Moreover, the screening document included an instruction to
22 Plaintiff to write an explanation if he did not feel that the
23 reason given for screening the complaint was accurate. Medina
24 Dec., Ex. B. While Plaintiff wrote on a subsequent Form 602 that
25 the denial of his appeal as untimely showed "blatant biasness
26 (sic) toward my appeal," he never claims to have submitted the
27 appeal timely. The record shows no explanation of how prison
28 authorities exhibited bias towards his appeal or why his appeal

8

should not have been screened as untimely. Compl. Attach. 6. Because SVSP-C-06-02436 was properly screened and Plaintiff had further remedies available, he is not entitled to an exception to the exhaustion requirement.[6]

### C. Unserved Defendant

To date Defendant Ramirez has not been served. Nonetheless, it is clear that the claims against Defendant Ramirez are subject to dismissal for the reasons discussed above. Plaintiff alleges that Defendant Ramirez aided and abetted the other Defendants in their alleged use of excessive force and deliberate indifference to Plaintiff's medical needs during the transfer from SVSP to HDSP. There is no suggestion in the complaint and exhibits attached thereto, or in the briefs and exhibits filed in connection with the instant motion to dismiss, that the Court's analysis as to non-exhaustion with respect to the claims against Defendant Ramirez would differ in any respect from the Court's analysis with respect to the other Defendants.

Accordingly, the Court dismisses the claim against Defendant Ramirez as unexhausted. See Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 742 (9th Cir. 2008) (holding district court properly granted motion for judgment on pleadings as to unserved defendants where such defendants were in position similar to served defendants against whom claim for relief could not be stated); Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d

---

[6] Plaintiff's appeal was screened for reasons consistent with and supported by applicable regulations. However, while SVSP-C-06-02436 did include allegations of excessive force, there were no facts alleged therein that would have exhausted the claims of deliberate indifference to medical needs.

9

800, 803 (9th Cir. 1995)(affirming grant of summary judgment in favor of non-appearing defendant where plaintiff, in response to summary judgment motion filed by appearing defendant, had "full and fair opportunity to brief and present evidence" on dispositive issue as to claim against non-appearing defendant).

II. Defendant B. Brown's Motion to Dismiss the Second Amended Complaint.

In its Order of March 31, 2011, the Court deemed the document entitled Seconded Amended Complaint (docket no. 36) to be a motion for leave to file a second amended complaint. (Docket No. 61.) Leave to amend was granted to substitute B. Brown for P. Brown. The Court denied leave to amend with respect to new claims raised in the 2AC. Defendant B. Brown has filed a separate motion to dismiss the 2AC for failure to state a claim and on the grounds of collateral estoppel. (Docket No. 78.)

Because the Court ordered that Defendant B. Brown be substituted in the original complaint, the operative claims against her are those listed therein. (Docket no. 1). Plaintiff was not granted leave to file the additional claims alleged in the 2AC. (Docket No. 61). Defendant B. Brown joins the motion to dismiss the original complaint. (Docket No. 38). Defendant B. Brown's motion to dismiss the 2AC is denied as moot.

III. Subsequent Motions

Plaintiff has filed a motion requesting injunctive relief and leave to file a supplemental complaint. (Docket No. 76.) In his moving papers and attached declaration, Plaintiff states that Dr. Bright and other SVSP prison officials have, in retaliation for Plaintiff's filing of prison grievances and litigation, denied

10

Plaintiff access to his wheelchair. In particular, he maintains that Dr. Bright falsified the results of Plaintiff's medical examination and claimed he had a videotape of Plaintiff walking to the dining hall and in the yard without a wheelchair. As a result, Plaintiff maintains, he is unable to get to the dining hall to eat and, consequently, he has had to rely on eating garbage and has stopped taking two of his "psych" medications. Plaintiff further asserts that, since May 2011, he has been denied access to documents in his medical file and has not received responses to his administrative appeals on the matter. (Docket Nos. 76, 77.)

By way of his motion, Plaintiff asks the Court for the following relief: 1) order "Bright/SVSP Officials" to produce a copy of the videotape of Plaintiff walking without his wheelchair to the individual who has power of attorney over Plaintiff's healthcare and/or his personal physician; 2) order "Bright/SVSP Officials" to produce a document showing that the individual who has power of attorney over Plaintiff's healthcare and/or his personal physician authorized the seizure of his wheelchair; 3) order "Bright/SVSP Officials" to return Plaintiff's wheelchair immediately; and 4) grant Plaintiff leave to file a supplemental complaint. Pl.'s Mot. at 3:14-25.

### A. Supplemental Complaint

The court may permit a party to serve supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The power to allow supplemental pleadings is discretionary, to be exercised "upon

11

such terms as are just." Id. While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action. See Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997). Matters newly alleged in a supplemental complaint must have some relation to the claim set forth in the original pleading. See Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).

Here, Plaintiff's motion for leave to file a supplemental complaint is based on allegations concerning the actions of medical personnel and prison officials at SVSP with respect to Plaintiff's use of his wheelchair. None of the allegations relate to the claims at issue in the present case.

Accordingly, leave to file a supplemental complaint is DENIED.

### B. Preliminary Injunctive Relief

Defendants argue that Plaintiff's motion for injunctive relief relating to his wheelchair is barred by a pending class action in this Court, Armstrong v. Brown, No. C 94-2307 CW, a class action lawsuit brought by California state prison inmates against the California Department of Corrections and Rehabilitation (CDCR) for violating Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. A consent decree was entered by this Court in Armstrong, directing Defendants therein to provide certain accommodations to the class. See Armstrong v. Wilson, 124 F.3d 1019, 1020 (9th Cir. 1997).

As of October 26, 2009, Plaintiff was classified under the Disability Placement Program (DPP) as mobility impaired in accordance with the Remedial Plan in Armstrong, which meant he was

prescribed a walker, not a wheelchair. Esparza Dec. Supp. Defs.' Opp'n to Pl.'s Mot. (Esparza Dec.) ¶¶ 5-6 & Ex. B. According to Defendants, on March 10, 2010, Plaintiff was evaluated by medical staff for DPP Verification and, following the medical evaluation, Plaintiff was removed from the DPP. Esparza Dec. ¶¶ 2-3 & Ex. A. Inmates at SVSP who are not approved for a health care appliance are not allowed to have such appliances in their possession, custody or control. Esparza Dec. ¶ 5.

Defendants argue Plaintiff's request for injunctive relief is barred by Armstrong because Plaintiff claims he is mobility impaired and seeks, in essence, review of the decisions of prison officials and medical personnel classifying him as mobility impaired and then, subsequently, removing him from the DPP. Plaintiff has not offered any argument to counter the one made by Defendants.

Here, where Plaintiff is seeking relief for injuries unrelated to the claims in the instant case, he must pursue relief either under the terms of the Armstrong decree, if appropriate, or by filing a new and separate action after he has exhausted administrative remedies. Accordingly, Plaintiff's request for injunctive relief is DENIED.

CONCLUSION

For the foregoing reasons, the Court orders as follows:
1) the motion to dismiss the complaint (docket no. 38) is GRANTED;
2) Defendant B. Brown's motion to dismiss the 2AC (docket no. 78) is DENIED as moot; 3) Plaintiff's motion to file a supplemental complaint (docket no. 76) is DENIED; and 4) Plaintiff's motion for injunctive relief (docket no.76) is DENIED.

13

The Clerk of the Court shall enter judgment and close the file. The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: 9/23/2011

CLAUDIA WILKEN
United States District Judge