IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALIK JONES,

     Plaintiff,

  v.

L. WASHINGTON, et al.,

     Defendants.

_____/

No. C 09-3003 CW

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS; DENYING B.
BROWN'S MOTION TO
DISMISS AS MOOT; DENYING
PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTIVE
RELIEF AND LEAVE TO FILE
SUPPLEMENTAL COMPLAINT

(Docket Nos. 38, 76, 78)

INTRODUCTION

    Plaintiff Malik Jones, a state prisoner proceeding pro se and in forma pauperis, brings an action under 42 U.S.C. section 1983, alleging that Defendants L. Washington, D. Lang, B. Brown, E. Contreras, and E. Ramirez violated his Eighth Amendment rights. Defendants now make an unenumerated Rule 12(b) motion to dismiss the complaint for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). In the alternative, Defendants move for summary judgment under Rule 56(c). The motions were taken under submission on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Defendants' motion to dismiss. Because the Court grants the motion to dismiss, Defendants' motion for summary judgment is denied as moot. Defendant B. Brown moves separately to dismiss the Second Amended Complaint for failure to state a claim and collateral estoppel. The Court DENIES this motion as moot.

Plaintiff moves for injunctive relief and leave to file a supplemental complaint. The Court DENIES these motions.

BACKGROUND

Plaintiff is a prisoner at High Desert State Prison (HDSP) and was formerly incarcerated at Salinas Valley State Prison (SVSP). He complains of excessive force and deliberate indifference to his medical needs during his transfer from SVSP to HDSP. Defendant Washington is a transportation sergeant at SVSP and the other Defendants are all transportation officers. The complaint alleges that on July 7, 2006, Defendants assaulted Plaintiff, who is wheelchair bound, and were indifferent to his medical needs during the transfer between prisons.

Plaintiff alleges that Defendant Lang attempted to break his thumb and that Defendants Washington, Lang, and Brown[1] attempted to break his wrist. Compl. ¶¶ 42, 59. He further alleges that Defendants Washington, Lang, Contreras and Brown threw him on the ground, "causing more pain and injury to [his] head." Id. ¶ 59. The complaint asserts that Defendant Lang used a car door repeatedly to slam Plaintiff's knees, and that an unnamed officer slammed the car door so that it would hit Plaintiff in the head. Id. ¶¶ 47, 48. Plaintiff claims that Defendants Lang and Brown forcibly made Plaintiff swallow a liquid substance while they laughed at him. Id. ¶ 50.

On July 26, 2006, Plaintiff claims, he mailed a CDC 602 Inmate/Parolee Appeal Form log no. SVSP C-06-02436 to Warden Evans

---

[1] References to Jane Doe or P. Brown have been substituted with Defendant B. Brown.

2

at SVSP, alleging that Defendants had assaulted him during the transfer between prisons.  Medina Dec. Supp. Defs.' Mot. (Medina Dec.) Ex. B.  SVSP C-06-02436 was marked denied at the first formal level of review and returned to Plaintiff.  The screening form attached to SVSP C-06-02436 stated that Plaintiff's appeal was being returned to him because "time constraints were not met." Id.  The bottom of the Inmate/Parolee Appeal Screening Form sent to Plaintiff contained the following message: "This screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper."  Id.  Plaintiff never submitted an explanation.  Instead he filed two more Form 602 appeals, which were screened as untimely and duplicative, respectively.

PROCEDURAL HISTORY

On September 19, 2008, the Court found cognizable Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference to his serious medical needs against Defendants Washington, Lang, Contreras and Doe.  The Court later granted Plaintiff's motion to amend the complaint to substitute Defendant P. Brown for Defendant Doe.

On July 22, 2009, Plaintiff filed a Second Amended Complaint (2AC)(docket No. 62) which the Court deemed to be a motion for leave to amend.  The Court found that the 2AC raised cognizable claims against Defendant Ramirez with respect to the events in the instant case, and granted leave to amend to add claims against him.  (Docket No. 61.)  In that Order the Court also dismissed the claims against P. Brown and substituted B. Brown as a defendant in her stead.  (Docket No. 61.)  The Court denied leave to amend to

add new claims unrelated to these events.  (Docket No. 61.)
Defendant Ramirez was never served.

Before the Court is Defendants' motion to dismiss all claims
for failure to exhaust administrative remedies, and their motion
for summary judgment under Federal Rule of Civil Procedure 56(c).
(Docket No. 38.)  Plaintiff filed an opposition, and Defendants
replied.  Also before the Court is Defendant B. Brown's motion to
dismiss the 2AC for failure to state a claim and collateral
estoppel.  (Docket No. 78.)  Plaintiff has filed no opposition and
the deadline has passed.

On June 22, 2011, Plaintiff filed a document entitled "motion
of imminent danger" requesting injunctive relief and leave to file
a supplemental complaint.  (Docket no. 76.)  Defendants have
opposed Plaintiff's motion and Plaintiff has replied to their
opposition.

I.    Failure to Exhaust Administrative Remedies

    A. Legal Standard

The PLRA provides that "[n]o action shall be brought with
respect to prison conditions under [42 U.S.C. § 1983], or any
other Federal law, by a prisoner confined in any jail, prison, or
other correctional facility until such administrative remedies as
are available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA
exhaustion requirement is mandatory and not subject to the
discretion of the court.  Booth v. Churner, 532 U.S. 731, 739
(2001).

The PLRA requires "proper exhaustion" of administrative
remedies.  Woodford v. Ngo, 548 U.S. 81, 93 (2006).  To meet this
exacting standard, prisoners must not only lodge a formal

**United States District Court**
For the Northern District of California

4

United States District Court
For the Northern District of California

1   complaint, but also pursue it through each stage of the

2   administrative process in "compliance with an agency's deadlines

3   and other critical procedural rules." Woodford, 548 U.S. at 93.

4   The requirement cannot be satisfied "by filing an untimely or

5   otherwise procedurally defective administrative grievance or

6   appeal." Id. A prisoner must exhaust claims before filing a suit

7   in federal court even though the administrative process may not be

8   "plain, speedy and effective." Porter v. Nussle, 534 U.S. 516,

9   524 (2002). A complaint must be dismissed if the prisoner did not

10  exhaust all available administrative remedies before the suit was

11  filed. Booth, 532 U.S. at 738; McKinney v. Carey, 311 F.3d 1198,

12  1199 (9th Cir. 2002).

13      State prison regulations define the contours of proper

14  exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). Under

15  California law, inmates have a right to an administrative appeal

16  of "any departmental decision, action, condition, or policy which

17  they can demonstrate as having an adverse effect upon their

18  welfare." Cal. Code Regs. tit. 15, § 3084.1(a)(2006).[2] Inmates

19  also have a right to file administrative appeals alleging

20  misconduct by correctional officers. Cal. Code Regs. tit. §

21  3084.1(e).

22      To exhaust all available administrative remedies, a prisoner

23  in California must complete a Form 602 and proceed through four

24  levels of appeal: (1) informal level grievance filed directly with

26  [2] Article 8, § 3084 of the California Code of Regulations has been
27  amended nearly a dozen times, most recently in 2006, 2010 and
    2011. Because Plaintiff filed his grievance in 2009, this Order
28  cites sections of the 2006 code unless otherwise noted.

United States District Court
For the Northern District of California

any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee.  Cal. Code Regs. tit. 15 § 3084.7;[3] <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1264-65 (9th Cir. 2009); <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  At the time of Plaintiff's appeal a prisoner was required to submit the initial appeal within fifteen working days "of the event or decision being appealed" and resubmit the appeal to each level of review within fifteen working days of receiving a denial from the previous level.  Cal. Code Regs. tit. 15 § 3084.6(c);[4] <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 818 (9th Cir. 2010).  Once an appeal is denied at the third formal level, the prisoner has exhausted his administrative remedies under the PLRA.  <u>Barry</u>, 985 F. Supp. at 1237-38.

Non-exhaustion is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).  <u>Wyatt</u>, 315 F.3d at 1119.  In deciding such a motion, the court may look beyond the pleadings and decide disputed issues of fact.  <u>Id</u>.  at 1119-20.

B.  Analysis

In support of the motion to dismiss Defendants provide the declaration of E. Medina, the appeals coordinator at SVSP.

---

[3] In 2006 the relevant California Code of Regulations section number was 3084.5.  As of July 2011 the applicable section number is 3084.7.

[4] As of July 2011 the applicable section number is 3084.8 and provides thirty calendar days for inmates to file appeals.

**United States District Court**
For the Northern District of California

(Docket No. 45.)  Medina conducted a computerized search of the institutional appeals database for inmate appeals submitted by Plaintiff and for the appeal responses.  He states in his declaration that SVSP-C-06-2426 is the only appeal filed by Plaintiff in 2006 classified as a staff complaint and it alleges excessive use of force by Defendants during the transport between SVSP and HDSP on July 7, 2006.  Medina Dec. ¶ 9.  Medina asserts that this appeal was received by the SVSP appeals coordinator on August 8, 2006, eighteen working days after the incident, and was therefore screened out for failure to meet time constraints.  Id. ¶ 13.[5]

Plaintiff argues that prison officials deliberately interfered with his grievance by screening the initial appeal as untimely even though he submitted it within fifteen working days, and thus prevented him from exhausting his appeals.  Pl.'s Response, at 8.  If prison officials improperly screen out an inmate's appeals, the inmate cannot properly complete the grievance process, and administrative remedies are unavailable.  Sapp, 623 F.3d at 822-23.  To satisfy this exception to exhaustion, an inmate must show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons

---

[5] Appeal No. SVSP-C-06-02436 was stamped "received" twice, once on August 2, 2006 and once on August 8, 2006.  August 2, 2006, the earlier date, was actually eighteen working days after the incident.

inconsistent with or unsupported by applicable regulations."

Sapp, 623 F.3d at 823-824.

Plaintiff contends that he submitted SVSP-C-06-02436 timely when he mailed it to Warden Evans at SVSP on July 26, 2006. He cites Houston v. Lack, 487 U.S. 266, 270 (1988) for the argument that SVSP-C-06-02436 should have been deemed filed at the time he gave it to prison authorities for mailing. Plaintiff offers, and the Court knows of, no authority to extend the application of Houston beyond court filings to include the mailing of internal prison grievances.

Both the screening form that was returned to Plaintiff, and the regulations in effect at the time, require that appeals be sent to the appeals coordinator within fifteen days of the incident. Medina Dec., Ex. B; Cal. Code Regs. tit. 15, § 3084.2(c)(2006). Plaintiff did not comply with the applicable requirements when he sent his appeal directly to Warden Evans rather than mailing or submitting it to an appeals coordinator. There is nothing to contradict Defendants' contention that the appeal was sent to the appeals coordinator after the fifteen day limit had expired.

Moreover, the screening document included an instruction to Plaintiff to write an explanation if he did not feel that the reason given for screening the complaint was accurate. Medina Dec., Ex. B. While Plaintiff wrote on a subsequent Form 602 that the denial of his appeal as untimely showed "blatant biasness (sic) toward my appeal," he never claims to have submitted the appeal timely. The record shows no explanation of how prison authorities exhibited bias towards his appeal or why his appeal

should not have been screened as untimely.  Compl. Attach. 6.
Because SVSP-C-06-02436 was properly screened and Plaintiff had
further remedies available, he is not entitled to an exception to
the exhaustion requirement.[6]

    C. Unserved Defendant

    To date Defendant Ramirez has not been served.  Nonetheless,
it is clear that the claims against Defendant Ramirez are subject
to dismissal for the reasons discussed above.  Plaintiff alleges
that Defendant Ramirez aided and abetted the other Defendants in
their alleged use of excessive force and deliberate indifference
to Plaintiff's medical needs during the transfer from SVSP to
HDSP.  There is no suggestion in the complaint and exhibits
attached thereto, or in the briefs and exhibits filed in
connection with the instant motion to dismiss, that the Court's
analysis as to non-exhaustion with respect to the claims against
Defendant Ramirez would differ in any respect from the Court's
analysis with respect to the other Defendants.

    Accordingly, the Court dismisses the claim against Defendant
Ramirez as unexhausted.  See Abagninin v. AMVAC Chemical Corp.,
545 F.3d 733, 742 (9th Cir. 2008) (holding district court properly
granted motion for judgment on pleadings as to unserved defendants
where such defendants were in position similar to served
defendants against whom claim for relief could not be stated);
Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d

---

[6] Plaintiff's appeal was screened for reasons consistent with and
supported by applicable regulations.  However, while SVSP-C-06-
02436 did include allegations of excessive force, there were no
facts alleged therein that would have exhausted the claims of
deliberate indifference to medical needs.

United States District Court
For the Northern District of California

800, 803 (9th Cir. 1995)(affirming grant of summary judgment in favor of non-appearing defendant where plaintiff, in response to summary judgment motion filed by appearing defendant, had "full and fair opportunity to brief and present evidence" on dispositive issue as to claim against non-appearing defendant).

II.   Defendant B. Brown's Motion to Dismiss the Second Amended Complaint.

In its Order of March 31, 2011, the Court deemed the document entitled Seconded Amended Complaint (docket no. 36) to be a motion for leave to file a second amended complaint. (Docket No. 61.) Leave to amend was granted to substitute B. Brown for P. Brown. The Court denied leave to amend with respect to new claims raised in the 2AC. Defendant B. Brown has filed a separate motion to dismiss the 2AC for failure to state a claim and on the grounds of collateral estoppel. (Docket No. 78.)

Because the Court ordered that Defendant B. Brown be substituted in the original complaint, the operative claims against her are those listed therein. (Docket no. 1). Plaintiff was not granted leave to file the additional claims alleged in the 2AC. (Docket No. 61). Defendant B. Brown joins the motion to dismiss the original complaint. (Docket No. 38). Defendant B. Brown's motion to dismiss the 2AC is denied as moot.

III. Subsequent Motions

Plaintiff has filed a motion requesting injunctive relief and leave to file a supplemental complaint. (Docket No. 76.) In his moving papers and attached declaration, Plaintiff states that Dr. Bright and other SVSP prison officials have, in retaliation for Plaintiff's filing of prison grievances and litigation, denied

Plaintiff access to his wheelchair.  In particular, he maintains that Dr. Bright falsified the results of Plaintiff's medical examination and claimed he had a videotape of Plaintiff walking to the dining hall and in the yard without a wheelchair.  As a result, Plaintiff maintains, he is unable to get to the dining hall to eat and, consequently, he has had to rely on eating garbage and has stopped taking two of his "psych" medications. Plaintiff further asserts that, since May 2011, he has been denied access to documents in his medical file and has not received responses to his administrative appeals on the matter.  (Docket Nos. 76, 77.)

By way of his motion, Plaintiff asks the Court for the following relief: 1) order "Bright/SVSP Officials" to produce a copy of the videotape of Plaintiff walking without his wheelchair to the individual who has power of attorney over Plaintiff's healthcare and/or his personal physician; 2) order "Bright/SVSP Officials" to produce a document showing that the individual who has power of attorney over Plaintiff's healthcare and/or his personal physician authorized the seizure of his wheelchair; 3) order "Bright/SVSP Officials" to return Plaintiff's wheelchair immediately; and 4) grant Plaintiff leave to file a supplemental complaint.  Pl.'s Mot. at 3:14-25.

A. Supplemental Complaint

The court may permit a party to serve supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  Fed. R. Civ. P. 15(d).  The power to allow supplemental pleadings is discretionary, to be exercised "upon

United States District Court
For the Northern District of California

11

such terms as are just." <u>Id</u>.  While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action.  <u>See</u> <u>Planned Parenthood of So. Arizona v. Neely</u>, 130 F.3d 400, 402 (9th Cir. 1997).  Matters newly alleged in a supplemental complaint must have some relation to the claim set forth in the original pleading.  <u>See</u> <u>Keith v. Volpe</u>, 858 F.2d 467, 474 (9th Cir. 1988).

Here, Plaintiff's motion for leave to file a supplemental complaint is based on allegations concerning the actions of medical personnel and prison officials at SVSP with respect to Plaintiff's use of his wheelchair.  None of the allegations relate to the claims at issue in the present case.

Accordingly, leave to file a supplemental complaint is DENIED.

B. Preliminary Injunctive Relief

Defendants argue that Plaintiff's motion for injunctive relief relating to his wheelchair is barred by a pending class action in this Court, <u>Armstrong v. Brown</u>, No. C 94-2307 CW, a class action lawsuit brought by California state prison inmates against the California Department of Corrections and Rehabilitation (CDCR) for violating Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.  A consent decree was entered by this Court in <u>Armstrong</u>, directing Defendants therein to provide certain accommodations to the class. See <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1020 (9th Cir. 1997).

As of October 26, 2009, Plaintiff was classified under the Disability Placement Program (DPP) as mobility impaired in accordance with the Remedial Plan in <u>Armstrong</u>, which meant he was

prescribed a walker, not a wheelchair.  Esparza Dec. Supp. Defs.'
Opp'n to Pl.'s Mot. (Esparza Dec.) ¶¶ 5-6 & Ex. B.  According to
Defendants, on March 10, 2010, Plaintiff was evaluated by medical
staff for DPP Verification and, following the medical evaluation,
Plaintiff was removed from the DPP.  Esparza Dec. ¶¶ 2-3 & Ex. A.
Inmates at SVSP who are not approved for a health care appliance
are not allowed to have such appliances in their possession,
custody or control.  Esparza Dec. ¶ 5.

Defendants argue Plaintiff's request for injunctive relief is
barred by <u>Armstrong</u> because Plaintiff claims he is mobility
impaired and seeks, in essence, review of the decisions of prison
officials and medical personnel classifying him as mobility
impaired and then, subsequently, removing him from the DPP.
Plaintiff has not offered any argument to counter the one made by
Defendants.

Here, where Plaintiff is seeking relief for injuries
unrelated to the claims in the instant case, he must pursue relief
either under the terms of the <u>Armstrong</u> decree, if appropriate, or
by filing a new and separate action after he has exhausted
administrative remedies.  Accordingly, Plaintiff's request for
injunctive relief is DENIED.

CONCLUSION

For the foregoing reasons, the Court orders as follows:
1) the motion to dismiss the complaint (docket no. 38) is GRANTED;
2) Defendant B. Brown's motion to dismiss the 2AC (docket no. 78)
is DENIED as moot; 3) Plaintiff's motion to file a supplemental
complaint (docket no. 76) is DENIED; and 4) Plaintiff's motion for
injunctive relief (docket no.76) is DENIED.

**United States District Court**
For the Northern District of California

     The Clerk of the Court shall enter judgment and close the
file. The parties shall bear their own costs.


     IT IS SO ORDERED.




Dated:  9/23/2011                    _____
                                     CLAUDIA WILKEN
                                     United States District Judge