IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALIK JONES,

    Plaintiff,

  v.

L. WASHINGTON, et al.,

    Defendants.
_____/

No. C 09-3003 CW

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND MOTION FOR RECONSIDERATION

Plaintiff Malik Jones, a state prisoner currently incarcerated at High Desert State Prison (HDSP), filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants L. Washington, D. Lang, B. Brown, E. Contreras, and E. Ramirez violated his Eighth Amendment rights during his transfer from Salinas Valley State Prison (SVSP) to HDSP on July 7, 2006. The Court found cognizable Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference to medical needs against above named Defendants.

On September 23, 2011, the Court granted Defendants' motion to dismiss the complaint for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a). The Court also dismissed Plaintiff's motions to file a supplemental complaint and denied injunctive relief because the complaints addressed in those motions were not related to the events at issue in this case. Judgment was entered in favor of Defendants that same date.

Now pending before the Court is Plaintiff's motion for leave to file a motion for reconsideration under Federal Rule of Civil Procedure 60(b).

DISCUSSION

A. Legal Standard

Where the district court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based on Rule 60(b) of the Federal Rules of Civil Procedure.  See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court.  See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882

2

F.2d 364, 369 n.5 (9th Cir. 1989) (quoting <u>United States v. Desert Gold Mining Co.</u>, 433 F.2d 713, 715 (9th Cir. 1970)).

B. Analysis

In the present motion, Plaintiff requests that reconsideration be granted and the judgment of dismissal vacated because the Court misinterpreted the evidence presented by the parties in support of and in opposition to the motion to dismiss.

First, Plaintiff maintains the Court overlooked or misinterpreted evidence that he attempted to exhaust his administrative remedies. Second, Plaintiff challenges the Court's conclusion that the claims raised in his motion for injunctive relief and his motion to file a supplemental complaint are unrelated to the claims in the instant case.

Plaintiff's arguments were raised in his opposition to the motion to dismiss and discussed by the Court in the order granting that motion. Although Plaintiff disagrees with the Court's ruling, he has presented no evidence or legal argument that warrants reconsideration. Further, Plaintiff contends that the Court wrongly determined that he did not attempt to challenge the screening of his administrative appeal by prison officials. This argument is without merit. The Court found that Plaintiff did not comply with the applicable requirements when he sent his administrative appeal directly to Warden Evans rather than mailing or submitting it to an appeals coordinator. Further, the Court found that Plaintiff had not followed the explicit instructions

3

provided on the screening form for challenging the screening decision. Specifically, the Court found as follows:

> Both the screening form that was returned to Plaintiff, and the regulations in effect at the time, require that appeals be sent to the appeals coordinator within fifteen days of the incident. Medina Dec., Ex. B; Cal. Code Regs. tit. 15, § 3084.2(c)(2006). Plaintiff did not comply with the applicable requirements when he sent his appeal directly to Warden Evans rather than mailing or submitting it to an appeals coordinator. There is nothing to contradict Defendants' contention that the appeal was sent to the appeals coordinator after the fifteen day limit had expired.
> Moreover, the screening document included an instruction to Plaintiff to write an explanation if he did not feel that the reason given for screening the complaint was accurate. Medina Dec., Ex. B. While Plaintiff wrote on a subsequent Form 602 that the denial of his appeal as untimely showed "blatant biasness (sic) toward my appeal," he never claims to have submitted the appeal timely. The record shows no explanation of how prison authorities exhibited bias towards his appeal or why his appeal should not have been screened as untimely. Compl. Attach. 6. Because SVSP-C-06-02436 was properly screened and Plaintiff had further remedies available, he is not entitled to an exception to the exhaustion requirement.

Docket no. 86 at 8:11-9:4

Plaintiff did not argue in his opposition, nor does he here, that he followed the procedures on the screening form.

Plaintiff's arguments for reconsideration of his motion to file a supplemental complaint and motion for injunctive relief are likewise without merit. Plaintiff alleged that prison staff at HDSP continue to be indifferent to his medical needs. While in the instant motion he does refer to claims that he was denied medical treatment in July 2006, the motions mentioned above were

4

concerned with more recent events.  Specifically Plaintiff alleged that prison officials at HDSP took away his wheelchair and were denying him medication.  These allegations are separate from this case, which concerns the incident that took place on July 7, 2006 while Plaintiff was being transferred from SVSP to HDSP.

In its order the Court suggested that Plaintiff could pursue relief for his recent complaints either under the terms of the Armstrong decree, if appropriate, or by filing a new and separate action after he had exhausted administrative remedies.  (Docket no. 96 at 13:16-21).  See Armstrong v. Wilson, 124 F.3d 1019, 1020 (9th Cir. 1997).  Plaintiff has shown no cause why the Court's judgment should reconsidered.  Accordingly Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: 11/1/2011

CLAUDIA WILKEN
United States District Judge